IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MAURICE CHEW-BEY, #N76293, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23-cv-807-RJD |
| v. | ) | |
| | ) | |
| JACQUELINE LASHBROOK and JOHN BALDWIN, | ) ) ) | |
| | ) | |
| Defendants. | | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion for Summary Judgment on the issue of administrative remedy exhaustion. Docs. 32, 33. Plaintiff filed a Response (Doc. 35) and Defendants filed a Reply (Doc. 36). As explained further, Defendants' Motion is GRANTED.

**Plaintiff's Complaint and Grievance Dated May 12, 2021**

Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983. Doc. 1. He alleged that Defendants violated his Eighth and Fourteenth Amendment Constitutional rights during the summer of 2018 at Menard Correctional Center by allowing him to be exposed to asbestos while he was housed in the "South Lowers" and a connected building was demolished. Doc. 10. No protection or equipment was provided to Plaintiff to prevent him from breathing in the asbestos particles during the demolition. Doc. 1, ¶¶20, 21.

Plaintiff was later transferred to Lawrence Correctional Center. *Id*., p. 12. He submitted

a grievance on May 9, 2021 to the Warden at Lawrence, asking that the grievance be treated as an emergency.  Doc. 1, p. 12.   Plaintiff provided the following summary in the grievance:

> On April 14, I went to Health Care unit for chest x-ray.  On April 15, C. Luking Nurse Practitioner sent for me about 2:30 pm Thursday to come to health care unit. When I got there I was told the x-ray shows I had something wrong so I would have to go out to the hospital to get chest x-ray and CT scan after I took the x-ray…the Doctor said it was a spot on my lung. When I return to prison the nurse on duty said the paperwork stated I had asbestosis on my lung that I would see the doctor the following week cause it was Thursday and the weekend was coming.  I got a pass on Tuesday to see the doctor show saw me and she said that it [is] nothing wait 3-6 months and check it again. I ask about a biopsy because that is the only way to be sure what the spot on my lung is because in 3-6 months it can spread to my whole lungs and my heart so I can know if it is asbestosis or cancer. Then on April 28, Head of Department walk around I talk to Director of Nursing she said she would look into it but I never heard back from her either. I wrote a request slip to her still no reply. I know Wexford Medical Company is in the business of saving IDOC money so my health is no importance.

*Id*.

### Exhaustion Requirements

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.  Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies."  *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).  "[A]ll dismissals under § 1997e(a) should be without prejudice."  *Ford v. Johnson*, 362

F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident or problem to his or her institutional counselor.  20 ILL. ADMIN. CODE § 504.810(a).  However, if the grievance involves an issue that occurred at a different facility other than where the inmate is currently housed, the inmate must send the grievance directly to the Administrative Review Board.  20 ILL. ADMIN. CODE § 504.870(a)(4).

The grievance must contain the following:

> …. factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(c).   If more than sixty days has passed since the discovery of the incident or problem, the grievance will still be considered if the inmate can demonstrate good cause for the lapse of time.  *Id*. §504.810(a).

If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances."  *Id*. §504.830(e).  The CAO then advises the inmate of a decision on the grievance.  *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision.  *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).  The ARB will submit a written report of its

findings and recommendations to the Director who shall make a final determination within 6 months of receipt of the appeal.   20 ILL. ADMIN. CODE § 504.850(d) and (e).

### *Pavey* Hearing

On September 16, 2024, the Court held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).   Prior to the hearing, the Court provided Plaintiff with notice that he could not rely on the allegations in his Complaint to establish the presence of a genuine issue of a material fact and informed him that he would have the opportunity to present evidence at the hearing.   Doc. 37.

At the hearing, Plaintiff testified that "several years" prior to 2018 (when the building in question was demolished), IDOC moved all staff out of the building to avoid asbestos exposure. He testified that "everyone" at Menard knew there was asbestos in the building, including the correctional officers.   However, he did not submit a grievance until he learned that he had asbestosis because he otherwise had no intention of filing a lawsuit regarding the asbestos exposure.   Other than the May 9, 2021 grievance, Plaintiff did not submit any other grievances related to asbestos exposure at Menard.

### Discussion

The burden rests with Defendants to establish that Plaintiff failed to exhaust his administrative remedies prior to filing suit.  *Smallwood v. Williams*, 59 F. 4th 306, 315 (7th Cir. 2023).   Plaintiff's May 9, 2021 grievance was ultimately denied by the Warden at Lawrence. Doc. 32-2, p. 7.   The ARB never reached a decision on the merits of the May 9, 2021 grievance, finding that Plaintiff did not follow proper procedure when appealing the grievance.  *Id.*, p. 6.

Regardless of whether Plaintiff fully exhausted the May 9, 2021 grievance, it could not suffice to exhaust Plaintiff's administrative remedies for this case because it only identifies issues

with his medical care at Lawrence.  At the *Pavey* hearing, Plaintiff argued that the grievance alerted prison officials to his asbestos exposure because he informed them that he had asbestosis. However, nothing in the grievance suggests he was exposed to asbestos at Menard; nothing in the grievance even mentions Menard.  Plaintiff provided no information to prison officials to alert them that he had been exposed to asbestos anywhere within the IDOC.

The Court acknowledges that Plaintiff did not learn he had a health condition potentially caused by the asbestos until 2021, long past the deadline for submitting a grievance at Menard regarding the building demolition.  However, exhaustion was nonetheless a precursor to filing suit. 42 U.S.C. § 1997e(a); *Crouch v. Brown*, 27 F. 4th 1315, 1320 (7th Cir. 2022) ("[f]or decades, [the Seventh Circuit] 'has taken a strict compliance approach to exhaustion'") (internal quotations omitted).  Plaintiff could have submitted a grievance directly to the ARB and explained why he had not previously grieved the issue of the building demolition at Menard; whether good cause exists for filing a grievance more than sixty days after the incident at issue is a "flexible, equitable" inquiry.  *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018).   Plaintiff did not do so, and thus the timeliness of his grievance is not an issue in this case.    Because Plaintiff failed to submit a grievance regarding the building demolition at Menard and/or exposure to asbestos during that demolition, Defendants' Motion for Summary Judgment (Doc. 32) is GRANTED.  Plaintiff's claim against Defendants Baldwin and Lashbrook is DISMISSED WITHOUT PREJUDICE.[1]

**IT IS SO ORDERED.**

**DATED:   September 16, 2024**

---

[1]    Prior to Defendants filing the Motion for Summary Judgment, Plaintiff filed a Motion for Recruitment of Counsel (Doc. 27).  Because Defendants' Motion for Summary Judgment is GRANTED, the Motion for Recruitment of Counsel is MOOT.   The Court notes, however, that Plaintiff was able to clearly explain his position on the legal and factual issues in his written Response (Doc. 35) and at the *Pavey* hearing.

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**