IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE CHEW-BEY, #N76293,       ) | |
| ) | |
| Plaintiff,       ) | |
| ) | Case No. 23-cv-807-RJD |
| v.       ) | |
| ) | |
| JACQUELINE LASHBROOK and JOHN  ) | |
| BALDWIN,       ) | |
| ) | |
| Defendants. | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983. Doc. 1. He alleged that Defendants violated his Eighth and Fourteenth Amendment Constitutional rights during the summer of 2018 at Menard Correctional Center by allowing him to be exposed to asbestos while he was housed in the "South Lowers" and a connected building was demolished. Doc. 10. No protection or equipment was provided to Plaintiff to prevent him from breathing in the asbestos particles during the demolition. Doc. 1, ¶¶20, 21.

Plaintiff was later transferred to Lawrence Correctional Center. *Id*., p. 12. He submitted a grievance on May 9, 2021 to the Warden at Lawrence, asking that the grievance be treated as an emergency. Doc. 1, p. 12. Plaintiff provided the following summary in the grievance:

> On April 14, I went to Health Care unit for chest x-ray. On April 15, C. Luking Nurse Practitioner sent for me about 2:30 pm Thursday to come to health care unit. When I got there I was told the x-ray shows I had something wrong so I would have to go out to the hospital to get chest x-ray and CT scan after I took the x-ray…the Doctor said it was a spot on my lung. When I return to prison the

> nurse on duty said the paperwork stated I had asbestosis on my lung that I would see the doctor the following week cause it was Thursday and the weekend was coming. I got a pass on Tuesday to see the doctor show saw me and she said that it [is] nothing wait 3-6 months and check it again. I ask about a biopsy because that is the only way to be sure what the spot on my lung is because in 3-6 months it can spread to my whole lungs and my heart so I can know if it is asbestosis or cancer. Then on April 28, Head of Department walk around I talk to Director of Nursing she said she would look into it but I never heard back from her either. I wrote a request slip to her still no reply. I know Wexford Medical Company is in the business of saving IDOC money so my health is no importance.

*Id.* This grievance was ultimately denied by the Warden at Lawrence. Doc. 32-2, p. 7. Plaintiff appealed it to the Administrative Review Boar ("ARB"), but the ARB determined that it was not timely appealed. *Id.*, p. 6. Plaintiff never submitted a grievance at Menard or Lawrence regarding the alleged asbestos exposure at Menard. Doc. 40, p. 4.

The undersigned granted summary judgment in favor of Defendants, finding that the above grievance did not properly identify the issues in this suit (whether Defendants were deliberately indifferent to Plaintiff's exposure to asbestos at Menard). 20 ILL. ADMIN. CODE § 504.810(c) (grievance must contain "factual details regarding….what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint"). Doc. 40. The Court acknowledged that by the time Plaintiff learned that he had asbestosis, more than sixty days had passed since his alleged exposure to asbestos at Menard, and grievances must be submitted within 60 days after discovery of the alleged incident or problem. *Id.*, p. 5. However, the grievance will still be considered if the inmate can demonstrate good cause for the lapse of time. 20 ILL. ADMIN. CODE § 504.810(a).

Plaintiff now moves the Court to reconsider its decision granting summary judgment in favor of Defendants. Doc. 44. The motion was filed within 28 days of the Court's entry of

judgment and the Court therefore construes this motion pursuant to Federal Rule of Civil Procedure 59(e).  *See Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742-43 (7th Cir. 2009).  Judgment may be altered or amended under Rule 59(e) if "the court committed a manifest error of law or fact, or… newly discovered evidence precluded entry of judgment."  *Cincinnati Life Ins. C. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013).   Plaintiff presents no newly discovered evidence.[1]  The record reflects no manifest error of law or fact.  Plaintiff never submitted a grievance regarding asbestos exposure at Menard.   In the instant motion, Plaintiff explains that by the time he discovered that he had asbestosis, more than three years had passed and the only way he could satisfy the exhaustion requirement was "th[rough] his medical problem."  Doc. 44, p.4.  This argument is not persuasive, considering that the grievance Plaintiff submitted regarding his asbestosis did not mention that it was allegedly caused by asbestos exposure at Menard.

Prior to filing this lawsuit, Plaintiff was required to fully exhaust a grievance regarding the allegations in his Complaint.   42 U.S.C. § 1997e(a); *Crouch v. Brown*, 27 F. 4th 1315, 1320 (7th Cir. 2022) ("[f]or decades, [the Seventh Circuit] 'has taken a strict compliance approach to exhaustion'") (internal quotations omitted).  He did not do so, and therefore the Motion to Reconsider (Doc. 44) is DENIED.

**IT IS SO ORDERED.**

**DATED:   July 25, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[1] Exhibits attached to the instant motion were also attached to Plaintiff's response to the Motion for Summary Judgment.   Doc. 35, pp. 20-24.